IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re: MARK A. BLANKENSHIP, Fed. Reg. #83718-022, Plaintiff, | ) ) ) ) ) ) | Civ. No. 14-00238 DKW/KSC TRANSFER ORDER |

## TRANSFER ORDER

Before the court is Mark A. Blankenship's letter seeking assistance in commencing an action. Blankenship is incarcerated in the United States Penitentiary in Pine Knot, Kentucky ("USP McCreary"). Although he requests "the Court to address this as a 2255 motion 'writ of Habeus Corpus[,]'" Blankenship complains solely of the conditions of his confinement at USP McCreary. Blankenship states that he is a disabled veteran confined in a wheelchair. He claims that he was attacked by two inmates at USP McCreary and is "exposed to convicts who beat me, steal my food, [and] extort my belongings." Mot., Doc. No. 1. He says he requires surgery, but must be transferred to another facility to be accommodated. The court construes Blankenship's request as a civil rights complaint brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Blankenship does not name any prison officials who are allegedly responsible for his claims or submit an *in forma pauperis* application or payment for commencing this action. Because venue is improper in Hawaii and transfer is in the interests of justice pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of Kentucky.

## I. <u>DISCUSSION</u>

When jurisdiction is not founded solely on diversity, such as civil rights actions brought under 42 U.S.C. § 1983 or *Bivens*, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

Blankenship is incarcerated in Kentucky. Although he was convicted and sentenced in Hawaii, his claims have no apparent connection to Hawaii. He

2

complains of incidents that occurred or are occurring in Kentucky. Venue for Blankenship's claims alleging USP McCreary officials are failing to protect him from other inmates or are denying him medical care lies in the District Court for the Eastern District of Kentucky, where USP McCreary is located. *See* 28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice favor transferring this case to the district where the significant events or omissions material to Blankenship's claims occurred, witnesses may be found, there is access to the necessary evidence, and there is a local interest in resolving the matter. *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

Blankenship is notified that transferring this action to Kentucky does not prevent him from challenging the validity or constitutionality of his conviction or sentence in CR. No. 12-00641 HG in Hawaii, but he must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

## II. CONCLUSION

This action is TRANSFERRED to the United States District Court for the Eastern District of Kentucky. The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Blankenship referring to this action to the United States District Court for the Eastern District of Kentucky.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii,



Derrick K. Watson
United States District Judge

---

*In Re: MARK A. BLANKENSHIP*, Fed. Reg. #83718-022; CIV No. 14-00238 DKW KSC; TRANSFER ORDER